IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

       Plaintiff,

    v.

**LEIF MICHAEL THOMAS WALKER,**

       Defendant.

No. 1:16-CR-00411-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Leif Michael Thomas Walker moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Def.'s Mot. Reduce Sent. 1, ECF No. 29 ("Def.'s Mot."). Because Mr. Walker fails to demonstrate extraordinary and compelling circumstances justifying compassionate release and reducing his sentence would not satisfy the 18 U.S.C. § 3553(a) factors, his motion is DENIED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies.[1] The Court may reduce a defendant's sentence after considering the applicable section 3553(a) factors if:

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

---

[1] As it is not essential to the outcome here, the Court presumes Mr. Walker exhausted his administrative remedies.

1 – OPINION AND ORDER

(iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Congress intended that the Sentencing Commission ultimately define "extraordinary and compelling reasons" through issued policy statements. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). However, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802. While U.S.S.G. § 1B1.13 is non-binding, the Sentencing Commission statements therein "may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). U.S.S.G. § 1B1.13(2) advises courts against reducing the sentences of defendants who would endanger the community. *See United States v. Blick*, No. CR17-0216-JCC, 2021 WL 1313110, at *1 (W.D. Wash. Apr. 8, 2021) (concluding that consideration of the guideline statement is appropriate when considering a motion for compassionate release).

## DISCUSSION

The Court sentenced Mr. Walker to 120 months' imprisonment for one count of Unlawful Possession of a Firearm or Ammunition to be served concurrent to two Oregon state terms of imprisonment. J. 2, ECF No. 26. Mr. Walker has served 92 months of his sentence and has a projected release date of August 12, 2025. *See* Gov't's Resp. to Def.'s Mot. 1, 3, ECF No. 32 ("Gov't's Resp."). Mr. Walker premises his request for compassionate release from FCI Sheridan on complaints of execrable conditions at the facility resulting from its management of and response to COVID-19. Def.'s Mot. 1–2.

Mr. Walker fails to allege adequate extraordinary and compelling circumstances for compassionate release. In large part, Mr. Walker's motion[2] consists of generalized complaints regarding FCI Sheridan's "general inability to manage the number of inmates in [its] care." Def.'s Mot. 1. However, "generalized issues with a sentence—that is, complaints any inmate could have about prison conditions—do not rise to the level of 'extraordinary and compelling circumstances.'" *United States v. Brant*, No. 3:21-cr-00090-IM, 2023 WL 6289993, at *1 (D. Or. Sept. 27, 2023). Central to Mr. Walker's motion is his claim that, because of COVID-19, conditions of confinement at FCI Sheridan became egregiously harsh for all inmates. Def.'s Mot. 1. An inmate's criticism of "prison conditions during the COVID-19 pandemic are not specific and individualized enough" to demonstrate extraordinary and compelling circumstances. *United States v. Brant*, 2023 WL 6289993, at *1 (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Mr. Walker fails to state that allegedly poor conditions at FCI Sheridan resulted in any specific, individualized extraordinary and compelling reasons for this Court to grant his request for compassionate release.

Mr. Walker also asserts that the quality of inmates' medical and psychiatric care at FCI Sheridan substantially declined due to COVID-19 impacts. Def.'s Mot. 1, 3, 5. However, Mr. Walker fails to plead any individualized medical condition placing him at greater risk of harm than that suffered by all inmates confined at FCI Sheridan. General health risks associated with COVID-19 are not extraordinary and compelling reasons for compassionate release. *E.g.*, *United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021). Accordingly, Mr. Walker fails to demonstrate that the health risks of COVID-19 are an extraordinary and compelling reason for his release.

---

[2] Over a dozen, essentially verbatim, copies of Mr. Walker's motion have been filed by other FCI Sheridan inmates in the past several months. *See* Gov't's Resp. 4 n.2.

3 – OPINION AND ORDER

Even if the Court were to find extraordinary and compelling reasons, it would still deny Mr. Walker's motion based on 18 U.S.C. § 3553(a) factors. Mr. Walker was convicted of Unlawful Possession of a Firearm or Ammunition J. 1. The eight firearms Mr. Walker illegally possessed were linked to a residential burglary. *See* Gov't's Sentencing Mem. 1–2, ECF No. 24. Multiple state robberies and firearms offenses are reflected in Mr. Walker's eighteen-year criminal history. PSR ¶¶ 48, 52, 55, 59, 60, ECF No. 23. Mr. Walker has state convictions for arson, two burglaries, three robberies, and four thefts. PSI ¶¶ 43, 46, 47–51, 55, 59, 61. Further, the Government convincingly illustrates Mr. Walker's documented history of noncompliance. Gov't's Resp. 8. Mr. Walker has had state probation revoked twice and has failed to appear in Klamath County Court four times. PSI ¶¶ 43, 48, 53, 56–58. Mr. Walker committed the crime for which he is currently incarcerated while on probation. PSI ¶ 60. Mr. Walker fails to offer a substantive release plan, and his record consistently indicates a tendency towards criminality during previous releases. Considering Mr. Walker's extensive criminal history and recidivist tendencies, the Court finds that Mr. Walker, and the community, will benefit from his continued treatment under the services offered by the BOP for the remainder of his sentence.[3]

## CONCLUSION

Mr. Walker's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

IT IS SO ORDERED.

DATED this 11th day of January, 2024.

/s/ Michael McShane
Michael J. McShane
United States District Judge

---

[3] The Court feels compelled to note that Mr. Walker's sentence of 120 months' imprisonment is below the fifteen-year mandatory minimum the government could have sought for Mr. Walker's felony firearm possession. PSR 1.

4 – OPINION AND ORDER